STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-05-08

SKS-KEN- 7|17|06

MARGARET ARSENAULT,

Petitioner

v.

DECISION ON APPEAL

MAGNA HOSPITALITY GROUP,
*et al.*,

Respondents

This matter comes before the court pursuant to 39-A M.R.S.A. § 360(3) and 5 M.R.S.A. § 11001 *et seq.* The appeal is from a final decision of the Workers' Compensation Board dated January 26, 2005, and signed by Hearing Officer Jonathan Sprague. As a result of that decision, the petitioner was found to have failed to report or return to work, to have filed a false employment status report and lied under oath about the fact that she had been working. These omissions and commissions, once discovered by the Workers' Compensation Board ("WCB"), led to the imposition of two statutory penalties as set forth in 39-A M.R.S.A. § 62. The petitioner appeals from these penalties.

## Discussion

Pursuant to 39-A M.R.S.A. § 360(2), "the board may assess, after hearing, a civil penalty in an amount not to exceed $1,000 . . . for any willful violation of this Act, fraud or intentional misrepresentation." The WCB has elaborated on this statutory authority through its Rules and Regulations, chapter 15, section 10, subsection 6, which reads:

> In determining whether to assess a penalty or the amount to be assessed, the Presiding Officer will consider the severity of the offense, whether it is a repeated offense, and the amount of money at issue. . . . Penalty amounts are limited to 50% of the monies at issue up to the statutory cap.

In the present case, after three hearings, the petitioner admitted through her own testimony that she failed to inform her employer of her return to work, provided false information to the WCB and gave false information under oath concerning her work. The petitioner does not contest her fault on appeal. The hearing officer then proceeded to discuss the available penalties, beginning with repayment of workers' compensation benefits that the employee had received. This option was rejected since there had not yet been a decision on a petition for review issued and, in any event, the petitioner was "entirely without any financial ability to repay."

After rejecting repayment as an appropriate penalty under the circumstances, the hearing officer imposed two penalties pursuant to section 360(2). One penalty was in the amount of $100 for a reporting violation, which both sides concede was beyond the authority and should be set aside on appeal. The second financial penalty was in the amount of $1,000 based upon consideration of the factors set forth in chapter 15, section 10, subsection 6 set forth above, reduced to 50% of the "monies at issue" and further reduced to $1,000 by the statutory cap. Inability to pay is not a bar to this type of penalty, as opposed to the repayment penalty.

The petitioner's main argument in challenging the $1,000 penalty is that the hearing officer improperly considered the "monies at issue" in determining the penalty. The officer found that the "monies at issue" were the $2,200 in workers' compensation benefits that were paid by the insurance company to the petitioner between the second and third hearings in 2004. According to the petitioner, the WCB incorrectly concluded that the hearing delay was caused by the petitioner not telling the truth, thereby requiring a continuance for presentation of surveillance evidence. The petitioner claims that the evidence was before the WCB well in advance of the February hearing and this

was not the reason for the delay. However, the court finds that the hearing officer was well within his discretion in measuring the "monies at issue" by reference to interim payments the insurer was forced to make. Further, the petitioner's argument ignores the fact that it was her initial failure to report reemployment, as she was required to do, which led to the need for any of the hearings in the first place. It was then the petitioner's prevarication at hearing which kept extending the process.

Part of the petitioner's argument seems to imply that in order to assess a penalty, the WCB must make a finding that there were "monies at issue." The WCB rules and regulations subsection 6 set forth above could be misread in that way. The first portion of the subsection simply states that the hearing officer will consider the amount of money at issue as one of three mandatory factors in determining whether to assess a penalty and the amount to be assessed. This does not create a burden of proof or standard of proof upon the WCB before it can impose a penalty, even though the latter portion of the subsection uses the "monies at issue" as a limitation on the penalty amount. The petitioner's misreading of the rule becomes clear when one considers the general authority to impose civil penalties set forth in section 360. That general authority allows penalties for any willful violation of the Act, fraud or intentional misrepresentation. There is no mention in the statute of "monies at issue," nor would there be since this would imply that wrongdoing could be penalized only if it had an adverse economic effect. Clearly, the legislature would not have intended that an intentional misrepresentation or fraud or willful violation would go unpunished simply because it might have been discovered before it would have any economic effect or for some other reason. To the extent that chapter 15, section 10, subsection 6 of the WCB rules imply otherwise, the rule must bend to the statute.

For the reasons stated above, the entry will be:

  (1) That portion of the agency ruling which imposed the $100 civil penalty for the reporting violation is in excess of the agency's authority and is REVERSED;

  (2) That portion of the decision of the agency imposing the $1,000 civil penalty is AFFIRMED. This matter is REMANDED to the agency for any further enforcement action consistent with this opinion.

Dated: July 17, 2006

S. Kirk Studstrup
Justice, Superior Court

Date Filed 2/9/05      Kennebec      Docket No. AP05-08

County

Action Petition for Review
80C

J. STUDSTRUP

Margaret Arsenault      vs.      Magna Hospitality Group & Wausau Ins. Co

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Anna Priluck, Esq.<br>208 Fore Street<br>Portland, Maine 04101 | -Lawrence Goodglass, Esq.<br>P.O. Box 568<br>Portland Maine 04112<br><br>XXXXXXXXXXXXXXXXXXXXXXX<br>XXXXXXXXXXXXXXXXXXXXXX<br>XXXXXXXXXXXXXXXXXXXXXXXX<br><br>-Jan McNitt, Esq. (Workers'Compensation Bd.<br>27 State House Station<br>Augusta, Maine 04333-0027 |

| Date of Entry | |
|---|---|
| 2/10/05 | Motion to Stay Superior Court Proceedings in Regards to Appeal Pursuant to 39-A M.R.S.A 306(3) and Incorporated Memorandum of Law, filed. s/Priluck, Esq.<br>Proposed Order, filed. |
| 2/17/05 | HEARING/CONFERENCE RECORD, Hon. Kirk Studstrup<br>Telephone conference held on 2/16/05. Anna Priluck, Esq., Lawrence Goodglass and John Rohde, Esq. participating in call.<br><br>Motion to Stay Proceedings is premature since no appeal has yet been filed. Appellant to file her formal appeal under this same docket number and her motion will then be granted.<br>Copies mailed to attys. |
| 2/28/05 | Petition for Review, filed. s/A. Priluck, Esq. |
| 3/2/05 | ORDER, Studstrup, J.<br>The Superior Court proceedings are hereby stayed until the Maine Workers' Compensation Board issues a decision in regards to the Petitioner's proposed Findings of Fact and Conclusions of Law.<br>Copies mailed to attys of record. |
| 5/18/05 | Letter indicating the Maine Workers' Compensation Board issued a Decision and the stay is no longer applicable, filed. s/A. Priluck, Esq. |
| 6/8/05 | Certified Record, filed. s/McNitt, Esq. **(in vault)**<br><br>Notice of briefing schedule mailed to attys of record. |
| 7/18/05 | Brief of Petitioner, filed. s/Priluck, Esq. |
| 8/15/05 | Motion for Enlargement of Time to File Reply, filed. s/McNitt,Esq. |
| 8/19/05 | ORDER ON MOTION FOR ENLARGEMENT, Studstrup, J.<br>Motion granted. Time for brief enlarged to 9/2/05.<br>Copies mailed to attys of record. |